**Olga HERNANDEZ–SOTELO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–71091.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Olga Hernandez–Sotelo, a native and citizen of Mexico, petitions for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the decision by an immigration judge ("IJ") to deny her application for cancellation of removal. We have jurisdiction under 28 U.S.C. § 1252. We review de novo the agency's interpretations of purely legal questions, but give deference to the agency's "interpretations and application of the immigration laws." *Pondoc Hernaez v. INS,* 244 F.3d 752, 756 (9th Cir.2001). Factual findings are reviewed for substantial evidence. *See id.* We deny the petition.

Petitioner's contention that the BIA's summary affirmance without an opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003).

Petitioner concedes that she had not accrued ten years continuous physical presence in the United States when she received the Notice to Appear charging her as subject to removal. Petitioner's contention that the IJ should have included her time in the United States after service of the Notice to Appear when calculating the duration of her continuous physical presence in the United States fails because, under the "stop-time" rule, "any period of . . . continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear." 8 U.S.C. § 1229b(d)(1); *see also Ram v. INS,* 243 F.3d 510, 519 (9th Cir.2001) ("in calculating the continuous physical presence requirement [for suspension of deportation], time accumulated after service of an OSC [Order to Show Cause] cannot be considered."). Therefore the IJ properly determined that Petitioner was not eligible for cancellation of removal.

Pursuant to *Desta v. Ashcroft,* No. 03–70477, Petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

